UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LEAD IT CORPORATION, an Illinois Corporation, ) ) ) Plaintiff, ) ) v. ) ) REBECCA TALLAPALLI and ) ELITE IT SOLUTIONS INC., an Illinois ) Corporation, ) ) Defendants. ) | Case No. 12-CV-03099-SEM-BGC |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**NOW COME** Defendants, REBECCA TALLAPALLI and ELITE IT SOLUTIONS, INC., by and through their attorneys, Giffin, Winning, Cohen & Bodewes, PC, and for their Memorandum in Support of Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully state as follows:

**STATEMENT OF FACTS**

Plaintiff Lead IT Corporation ("Lead IT") filed its Complaint for Copyright Infringement on March 30, 2012.  The Complaint alleges that the disputed text was drafted by an employee of Moon Technologies, in September 2006, published in October 2006. *See* Complaint ¶ 12, 14.  The Complaint alleges that the disputed text was then acquired by Lead IT in December 2009 and published by Lead IT in January 2010. *See* Complaint ¶ 15-16.  The Complaint further alleges that Defendant Elite IT Solutions, Inc. ("Elite") published the disputed text on or about February 29, 2012. *See* Complaint ¶ 18.  Moreover, the Complaint alleges that Lead IT submitted an application, deposit, and fee for registration of the disputed text to the United States Copyright Office on March 29, 2012. *See* Complaint ¶ 25; Exhibit D.  The Complaint does not allege that

the Copyright Office has accepted or denied Lead IT's application for registration or that Lead IT has received a certificate of registration from the Copyright Office. *See* Complaint.

## STANDARD FOR 12(b)(6) MOTION TO DISMISS

A party may assert, by motion, the defense of "failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6).  To assess whether the plaintiff has stated a valid claim upon which relief can be granted, the court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor." *Golden v. Helen Sigman & Assocs.*, 611 F.3d 356 (7th Cir. 2010) (*citing Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).  A motion to dismiss pursuant to Rule 12(b)(6) is proper only if "the plaintiff can prove no set of facts that would allow for recovery." *Mid Am. Title Co. v. Kirk*, 991 F.2d 417, 419 (7th Cir. 1993). *See also Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Conley v. Gibson*, 355 U.S. 41 (1957); *Yeksigian v. Nappi*, 900 F.2d 101 (7th Cir. 1990).  Defendants' motion should be granted because registration is a prerequisite to a copyright infringement claim.  In the alternative, Plaintiff's claims for statutory damages and attorney's fees should be dismissed as they are both expressly prohibited by the plain language of §412 of the Copyright Act

## ARGUMENT

I.  **Defendants' 12(b)(6) Motion to Dismiss Count I should be granted because registration is a prerequisite to a copyright infringement claim under 17 U.S.C. §411(a)**

  A.  **Background**

Plaintiff must allege three elements to state a proper claim for copyright infringement: "(1) ownership of the copyright; (2) copyright registration … and (3) infringement." *Triteq Lock & Sec. LLC v. Innovative Secured Solutions LLC*, 2012 U.S. Dist. LEXIS 14147 at *10-11 (N.D.

Ill. Feb. 1, 2012). *See also Mid Am. Title Co. v. Kirk*, 991 F.2d 417, 421 n.8 (7th Cir. 1993).

Registration of claim and issuance of certificate are defined in §410(a) of the Copyright Act:

> When, after examination, the Register of Copyrights determines that, in accordance with the provisions of this title, the material deposited constitutes copyrightable subject matter and that the other legal and formal requirements of this title have been met, the Register shall register the claim and issue to the applicant a certificate of registration under the seal of the Copyright Office. The certificate shall contain the information given in the application, together with the number and effective date of the registration.

17 U.S.C. §410(a). Moreover, §411(a) of the Copyright Act sets forth the registration requirement for copyright infringement claims: "[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. §411(a).

There is a circuit split regarding the registration requirement in §411(a). The "Registration approach" and the "Application approach" to what the registration requirement entails are explained in *La Resolana Architects v. Clay Realtors Angel Fire*. 416 F.3d 1195 (10th Cir. 2005), abrogated in part by *Reed Elsevier, Inc., et al., v. Muchnik et al.*, 559 U.S. __, 130 S. Ct. 1237, 1241 (2010). Courts adopting the "Registration approach" state the actual registration of the copyright, or the refusal of such by the Copyright Office, must be complete before a copyright infringement claim may be filed. These courts assert the following rationale:

> The plain language of the statute thus requires a series of affirmative steps by both the applicant and the Copyright Office. No language in the Act suggests that registration is accomplished by mere receipt of copyrightable material by the Copyright Office. Instead, the Register of Copyrights must affirmatively determine copyright protection is warranted, §411, before registration occurs under the Act. And only upon registration or refusal to register is a copyright holder entitled to sue for copyright infringement under §411.

*Id.* at 1200-01. The Eleventh Circuit adopted the Registration approach in *M.G.B. Homes, Inc. v. Ameron Homes, Inc.* 903 F.2d 1486 (11th Cir. 1990). Other district courts have also adopted the

Registration approach. *See, e.g., Mays & Assocs. v. Euler*, 370 F. Supp. 2d 362 (D. Md. 2005); *International Kitchen Exhaust Cleaning Ass'n v. Power Washers of North America*, 81 F. Supp. 2d 70 (D.D.C. 2000); *Robinson v. Princeton Review, Inc.*, 1996 U.S. Dist. LEXIS 16932, No. 96-CIV-4859 (S.D.N.Y. 1996); *ISC-Bunker Ramo Corp. v. Altech, Inc.,* 765 F. Supp. 1308 (N.D. Ill. 1990); *Demetriades v. Kaufmann*, 680 F. Supp. 658 (S.D.N.Y. 1988).

Alternatively, courts adopting the Application approach allow a copyright infringement claim to be brought after an application for copyright registration has been submitted to the Copyright Office. These courts reason that "because a copyright owner can sue regardless of whether an application for registration is ultimately granted," the delay is a "senseless formality." *La Resolana*, 416 F.3d at 1203. The Fifth Circuit, Eighth Circuit, and various district courts have adopted the Application approach. *See, e.g., Action Tapes, Inc. v. Mattson*, 462 F.3d 1010 (8th Cir. 2006); *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345 (8th Cir. 1994); *Lakedreams v. Taylor*, 932 F.2d 1103 (5th Cir. 1991); *Secure Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384 (5th Cir. 1984); *Foraste v. Brown Univ.*, 248 F. Supp. 2d 71 (D.R.I. 2003); *Well-Made Toy Mfg. v. Goffa Int'l*, 210 F. Supp. 2d 147 (E.D.N.Y. 2002); *International Kitchen Exhaust Cleaning Ass'n v. Power Washers of N. Am.*, 81 F. Supp. 2d 70 (D.D.C. 2000); *Havens v. Time Warner, Inc.*, 896 F. Supp. 141 (S.D.N.Y. 1995); *Wilson v. Mr. Tee's*, 855 F. Supp. 679 (D.N.J. 1994); *Tang v. Hwang*, 799 F. Supp. 499 (E.D.Pa. 1992); *Services Technology, Inc. v. Time and Space Processing, Inc.*, 722 F. Supp. 1354 (E.D.Va. 1989).

In 2010, the Supreme Court decided *Reed Elsevier*, which presented the question of whether the registration prerequisite in §411(a) was an issue of federal subject matter jurisdiction. *Reed Elsevier, Inc., et al., v. Muchnik et al.*, 559 U.S. __, 130 S. Ct. 1237, 1241 (2010). The Supreme Court held, "Section 411(a)'s registration requirement is a precondition to

filing a claim that does not restrict a federal court's subject-matter jurisdiction." *Id.* The Supreme Court continued, "We also decline to address whether §411(a)'s registration requirement is a mandatory precondition to suit … district courts may or should enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works. *Id.* at 1249. Accordingly, this Supreme Court ruling did not resolve the split regarding whether a pending application for registration satisfies the registration requirement in §411(a).

Before *Reed Elsevier*, the Seventh Circuit's approach was ambiguous, despite the assertions of several courts that the Seventh Circuit followed the Application approach. *Compare Brooks-Ngwenya v. Thompson*, 202 Fed. Appx. 125, 126-27 (7th Cir. 2006) ("The statute makes registration or preregistration necessary.  That's all there is to it.  Registration is not complex (it is no harder than filing a lawsuit) and distractions must be overcome if authors want to litigate."); *Gaiman v. McFarlane*, 360 F.3d 644, 555 (7th Cir. 2004) ("More precisely, an application to register must be filed, and either granted or refused, before suit can be brought."); *Baker v. Universal Interactive Studios*, 2000 U.S. App. LEXIS 26162 at *3 (7th Cir. 2000) ("Even seen as a copyright action, however, it was properly dismissed, if only because the complaint does not allege that the work has been registered, and 'no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title.'") (citing 17 U.S.C. §411(a)) *with Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003) ("Although a copyright no longer need be registered with the Copyright Office to be valid, an application for registration must be filed before the copyright can be sued upon."). *See also Cosmetic Ideas, Inc. v. IAC/Interactive Corp.*, 606 F.3d 612, 616 (9th Cir. 2010) (indicating that the Seventh Circuit followed the Application approach in *Chicago Board*); *K-Beech, Inc. v. Doe*, 2010 U.S. Dist. LEXIS 143728

at *6 fn. 2 (E.D.N.Y. Sept. 19, 2010) (indicating that the Seventh Circuit followed the Application approach in *Chicago Board*); *Goss Int'l Ams., Inc. v. A Am. Mach. & Assembly Co.*, 2007 U.S. Dist. LEXIS 88382 at *6-7 (N.D. Ill. Nov. 30, 2007) (noting the certificate of registration in *Chicago Board* and adopting the Application approach because the plaintiff had applied for and was waiting for a significant period on registration).

The Seventh Circuit has not expressly ruled on the issue since the Supreme Court decision in *Reed Elsevier*. *See Wis. Interscholastic Ath. Ass'n v. Gannett Co.*, 658 F.3d 614, 620 (7th Cir. 2011) (*citing Reed Elsevier*) ("[W]e are convinced that this case has nothing to do with copyright. One prerequisite to bringing a suit for infringement is that a party register its copyright. Though that rule is not jurisdictional, it still reflects an important case-processing principle, and it is notable that [neither party] has registered anything here."); *Hard Drive Prods. v. Doe*, 2011 U.S. Dist. LEXIS 118049 at *9 fn.2 (N.D. Ill. Oct. 12, 2011) ("Although the Seventh Circuit has not expressly ruled on this issue, this Circuit appears to follow the application approach.").

The Northern District has considered the issue in two recent decisions and has come to different conclusions. In *Hard Drive Products*, the court stated, "Section 411(a) of the Copyright Act 'requires copyright holders to register their works before suing for copyright infringement.'" *Hard Drive Prods. v. Doe*, 2011 U.S. Dist. LEXIS 118049 at *7 (N.D. Ill. Oct. 12, 2011) (*citing Reed Elsevier*, 130 S. Ct. at 1241). Moreover, the court noted that the Application approach "appears" to be followed in the Seventh Circuit:

> Although the Seventh Circuit has not expressly ruled on this issue, this Circuit appears to follow the application approach. In *Chicago Board of Education*, the court noted that '[a]lthough a copyright no longer need be registered with the Copyright Office to be valid, an application for registration must be filed before the copyright can be sued upon.' 354 F.3d at 631 (emphasis added); *cf. Furkin v. Smikin*, 237 Fed. Appx. 86, 2007 WL 1493866, at *3 (7th Cir. 2007) (noting, in

      discussing the statute of limitations with respect to a copyright, a prerequisite for a suit for copyright infringement.").

*Id*. at *9 fn.2. The court determined that the plaintiff's allegation it had filed an application with the Copyright Office was sufficient to satisfy the registration requirement at the pleading stage.

      However, the Northern District came to the opposite conclusion in *Triteq Lock*, holding, "The mere filing of an application for copyright registration does not satisfy the statutory requirement that a copyright must be registered prior to the initiation of an infringement action." *Triteq Lock & Sec. LLC v. Innovative Secured Solutions LLC*, 2012 U.S. Dist. LEXIS 14147 at *11-12 (N.D. Ill. Feb. 1, 2012) (citing 17 U.S.C. §411(b)(1) ("A certificate of registration satisfies the requirements of this section"); *Gaiman v. McFarlane*, 360 F.3d 644, 655 (7th Cir. 2004) ("[A]n application to register must be filed, and either granted or refused, before suit can be brought.")). The court determined that the plaintiff had not "properly pleaded registration, a required element of a copyright infringement claim." *Id*. at *12. Although the plaintiff later received a certificate of registration, the court held, "Satisfaction of the [§411] condition while the suit is pending does not avoid the need to start anew." *Id*. at *13 (citing *Brooks-Ngwenya v. Thompson*, 202 F. App'x 125, 127 (7th Cir. 2006)). The court dismissed the copyright infringement claim without prejudice because the registration requirement had not been satisfied prior to the claim being filed. *Id*.

      In reliance on *Reed Elsevier*, district courts in other circuits have made compelling arguments for requiring actual registration before a copyright infringement suit can properly be brought. The District of Colorado court held that the ruling that §411(a) imposes mandatory precondition to suit "is supported by the plain language of the statute," namely that "*no civil action* for infringement of the copyright in any United States work *shall be instituted until preregistration or registration of the copyright claim has been made* in accordance with this

title." *Ti Training Corp. v. FAAC, Inc.*, 2010 U.S. Dist. LEXIS 59186 at *8-9 (D. Colo. June 15, 2010) (italics in original). The Middle District of Tennessee court cited to the Seventh Circuit's decision in *Brooks-Ngwenya* in finding registration to be a prerequisite to a copyright infringement suit:

> Although in [two pre-*Reed Elsevier* Middle District of Tennessee cases] the courts viewed the defect as jurisdictional, a conclusion now abrogated by *Reed Elsevier*, the statute is no less clear that copyright registration is necessary before remedies for copyright infringement can be sought by filing a lawsuit in federal court. *See Brooks Ngwenya v. Indianapolis Public Schs.*, 564 F.3d 804, 806 (7th Cir. 2009) (holding before *Reed Elsevier, Inc.* that '[c]ompliance with the registration requirements of 17 U.S.C. §411(a) is not a condition of copyright protection but is a prerequisite to suing for infringement.').

*Sony/ATV Music Publ. LLC v. D.J. Miller Music Distribs, Inc. et al.*, 2010 U.S. Dist. LEXIS 103795 at *12-13 (M.D. Tenn. Sept. 28, 2010). The Western District of Tennessee determined, "If the action were not subject to dismissal, the registration requirement would not be a 'precondition' to filing a copyright infringement action*." Treadmilldoctor.com, Inc. v. Johnson*, 2011 U.S. Dist. LEXIS 34652 at *13-14 (W.D. Tenn. March 31, 2011). Finally, the District of New Jersey court set forth two reasons for following the Registration approach "[in] light of [*Reed Elsevier*] precedent": "[f]irst, the law is clear: copyright holders must register their works *before* suing for copyright infringement," and second, that a plaintiff cannot state a prima facie case for copyright infringement without holding a registered copyright. *Levey v. Brownstone Inv. Group, LLC*, 2012 U.S. Dist. 12175 at *8-9 (D.N.J. Feb. 1, 2012) (italics in original).

**B.     Analysis**

This Court should follow the Northern District's reason holding in *Triteq Lock* to follow the Registration approach to the §411(a) registration prerequisite for copyright infringement claims. Although several courts have characterized the Seventh Circuit as following the Application approach, this depiction ignores the Seventh Circuit and Seventh Circuit district

court cases that have followed the Registration approach. Moreover, §411(a) requires registration on its face, and Congress intended to provide incentives within the Copyright Act for registration. For these and the other practical considerations outlined in depth below, this Court should adopt the Registration approach.

First, it is unclear whether the Seventh Circuit has adopted any approach to the §411(a) requirement. It is important to note that in *Chicago Board*, the case relied upon by the above courts in characterizing the Seventh Circuit as adopting the Application approach, the plaintiff had obtained a certificate of registration. 2002 U.S. Dist. LEXIS 15036 at *7 (N.D. Ill. Aug. 6, 2002), affirmed in part and vacated in part by, remanded by *Chicago Bd. of Educ.*, 354 F.3d 624. *See also Cosmetic Ideas, Inc. v. IAC/Interactive Corp.*, 606 F.3d 612, 616 (9th Cir. 2010) (indicating that the Seventh Circuit followed the Application approach in *Chicago Board*); *K-Beech, Inc. v. Doe*, 2010 U.S. Dist. LEXIS 143728 at *6 fn. 2 (E.D.N.Y. Sept. 19, 2010) (same); *Goss Int'l Ams., Inc. v. A Am. Mach. & Assembly Co.*, 2007 U.S. Dist. LEXIS 88382 at *6-7 (N.D. Ill. Nov. 30, 2007) (noting the certificate of registration in *Chicago Board* and adopting the Application approach because the plaintiff had applied for and was waiting for a significant period on registration). The issue raised in *Chicago Board* was not that the plaintiff's mere application did not satisfy the registration requirement, but rather that the plaintiff did not have a valid copyright registration in the entire contents of the disputed work at hand. *Chicago Bd. of Educ.*, 354 F.3d at *631. It is unclear whether the Seventh Circuit intended to adopt the Application approach in deciding *Chicago Board*. Moreover, to characterize the Seventh Circuit as adopting the Application approach ignores *Brooks-Ngwenya*, *Gaiman*, and *Baker*. *Brooks-Ngwenya*, 202 Fed. Appx. At 126-27; *Gaiman*, 360 F.3d at 555; *Baker*, 2000 U.S. App. LEXIS 26162 at *3.

Additionally, the plain language of the Copyright Act's registration requirement in §411(a) and various practical arguments support following the Registration approach in this case. First, the plain language of the registration requirement in §411(a) suggests the legislature intended the Registration approach, and the legislature could have required "mere filing of an application" if it had intended the Application approach. *Triteq Lock & Sec. LLC v. Innovative Secured Solutions LLC*, 2012 U.S. Dist. LEXIS 14147 at *11-12 (N.D. Ill. Feb. 1, 2012). *See La Resolana Architects v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1204 (10th Cir. 2005) ("Whatever the practical force of [the Application Argument], we cannot ignore the plain meaning of the statute, nor change the legislative scheme."); *Ti Training Corp. v. FAAC, Inc.*, 2010 U.S. Dist. LEXIS 59186 at *8-9 (D. Colo. June 15, 2010). The Tenth Circuit asserted three additional reasons for adopting the Registration approach in *La Resolana*:

> First, [the Application] approach requires a topsy-turvy reading of Title 17. Title 17's language does not convey certain remedies and benefits upon application and other remedies and benefits upon registration. The remedies are part of a single package. Second, the argument that copyright holders are left without a remedy until registration begs the question. Congress created significant incentives for registration under the Act. Every remedy outlined in Title 17, including injunctions, is conditioned upon a copyright owner having registered the copyright. It is not illogical for Congress to condition the remedies of the Act to those who register under the Act. Congress could very reasonably have concluded that these rights and remedies are the "carrot" to induce registration and the "stick" is the lack of federal court jurisdiction until registration is accomplished. Finally, the Application approach allows for shifting legal entitlements. If, for example, an applicant could obtain the advantage of the presumption that the copyright is valid upon application, see 17 U.S.C. §408(c), but then, after examination the Register of Copyrights determined the material is not copyrightable, the presumption of validity would swing back and forth. Such a predicament would generate uncertainty in copyright litigation that the Act was designed to moderate.

*La Resolana*, 416 F.3d at 1204-05 (internal citations omitted). Finally, a registered copyright is an element of a prima facie case for copyright infringement. *See, e.g., Levey v. Brownstone Inv. Group, LLC*, 2012 U.S. Dist. 12175 at *8-9 (D.N.J. Feb. 1, 2012). For the above reasons, this

court should follow the recent holding in *Triteq Lock* and grant Defendants' 12(b)(6) Motion to Dismiss Plaintiff's copyright infringement claim for failure to satisfy the registration requirement of §411(a) before filing the claim.

**II.     Defendant's 12(b)(6) Motion to Dismiss the claims for statutory damages and attorney's fees should be granted because statutory damages and attorney's fees are prohibited by the plain language of § 412**

Section 504 of the Copyright Act allows for statutory damages "of not more than $150,000." 17 U.S.C. §504.  Additionally, §505 of the Copyright Act provides that a court has the discretion to award reasonable attorney's fees. 17 U.S.C. §505.  However, the plain and unambiguous wording of §412 of the Copyright Act limits the ability to recover statutory damages and attorney's fees.  Section 412 states in part:

> In any action under this title, … **no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for** – (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) **any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.**

17 U.S.C. §412 (emphasis added).

Improper claims for statutory damages and attorney's fees are rightly dismissed by Rule 12(b)(6) motions. The Northern District has dismissed a plaintiff's statutory damages and attorney's fees claims under Rule 12(b)(6) in reliance on 17 U.S.C. §412(2). *See, e.g., Healix Infusion Therapy, Inc. v. HHI Infusion Servs.*, 2011 U.S. Dist. LEXIS 7843 at *5-8 (N.D. Ill. Jan. 27, 2011) (noting that "the claimed copyright material was published on February 17, 2004, and that the effective date of the copyright registration was not until over five years later"); *cf. Topline Auto. Engg., Inc. v. Wac Mach., Inc.*, 1985 U.S. Dist. LEXIS 20600 at *2-3 (N.D. Ill. April 18, 1985) (denying defendants' motion to dismiss claims for statutory claims and

attorney's fees for infringement commencing after registration). Other courts have also granted 12(b)(6) motions to dismiss when statutory damages and attorney's fees are prohibited by §412. *See Ackourey v. La Rukico Custom Tailor*, 2011 U.S. Dist. LEXIS 77342 at *12-14 (E.D. Pa. July 15, 2011) (granting a Rule 12(b)(6) motion to dismiss the plaintiff's claim for statutory damages because the plaintiff had not registered as required under §412(2)); *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728 (S.D.N.Y. 1996) (granting the defendants' motion to dismiss the plaintiff's claim for statutory damages and attorney's fees as a matter of law and ordering that the plaintiff's request for statutory damages and attorney's fees be stricken); *Secunda v. Time Warner Cable*, 1995 U.S. Dist. LEXIS 16975 at *6-7 (S.D.N.Y. 1995) (granting the defendants' 12(b)(6) motion to dismiss the claims for statutory damages and attorney's fees with prejudice when alleged infringement occurred prior to the effective date of registration).

Because Plaintiff alleges publication of the claimed copyrighted materials in its Complaint, its claim for statutory damages and attorney's fees is only viable if the infringement occurred after the effective date of registration, or if the work was registered within three months of its first publication. *See, e.g., FM Indus. v. Citicorp Credit Servs.*, 614 F.3d 335, 336 (7th Cir. 2010); *Budget Cinema v. Watertower Ass'n*, 81 F.3d 729 (7th Cir. 1996) (holding that Plaintiff "was not entitled to statutory damages or attorney's fees because the alleged infringement commenced before the effective date of [Plaintiff's] copyright registration" and Plaintiff's "registration certificate is also beyond three months from the date of the alleged first publication"); *Hays v. Sony Corp. of America*, 847 F.2d 412, 415 (7th Cir. 1988); *Evans Newton, Inc. v. Chicago Systems Software*, 793 F.2d 889, 897 (7th Cir. 1985); *Deltak, Inc. v. Advanced Systems, Inc.*, 767 F.2d 357, 359 (7th Cir. 1985); *Hard Drive Prods. v. Doe*, 2011 U.S. Dist. LEXIS 118049 at *10 (N.D. Ill. Oct. 12, 2011); *Colo'n v. Jordan*, 2011 U.S. Dist. LEXIS 31908

at *9 (S.D. Ind. March 25, 2011). As the Northern District explained, the "grace period" exception under §412(2) does not apply if a plaintiff did not register a copyright within three months of the initial publication of the work. *Topline Auto. Engg., Inc. v. Wac Mach., Inc.*, 1985 U.S. Dist. LEXIS 20600 at *2 fn. 1 (N.D. Ill. April 18, 1985).

Section 412 "leaves no room for discretion, mandating that no attorney's fees or statutory damages be awarded so long as the infringement commenced before registration of the copyright." *Johnson v. Jones*, 149 F.3d 494, 505 (6th Cir. 1998). As stated in *Johnson*:

> Section 412(1) is designed to ensure that an infringer of an unpublished work will be subject to the punitive effects of §§504(c) and 505 only if the infringer had constructive notice that the work was protected by a valid copyright. Constructive notice of a valid copyright is presumed upon registration. The purposes of this design are many. First and foremost, Congress intended that §412 provide copyright owners with an incentive to register early and often…. In addition to giving copyright owners incentive to register, §412 also provides potential infringers with an incentive to check the federal register…. And, finally, the simplicity of §412 confers upon all parties involved the clarity and low administrative costs of a brightline rule.

*Id.* at 505.

By its own admissions in the Complaint, Plaintiff did not register its copyright for the disputed text before the alleged infringement began, and the alleged infringement did not begin within the three month grace period following the first publication of the disputed text by Plaintiff. (*See* Complaint ¶ 12, 14-16, 18 and 25; and Exhibit D). On its face, therefore, §412 of the Copyright Act explicitly prohibits recovery of the statutory damages and attorney's fees claimed by Plaintiff in the case at hand. Therefore, this court should grant Defendants' 12(b)(6) Motion to Dismiss Plaintiff's statutory damages and attorney's fees claims.

## CONCLUSION

This court should follow the recent holding in *Triteq Lock* and grant Defendants' 12(b)(6) Motion to Dismiss Plaintiff's copyright infringement claim for failure to satisfy the registration requirement of §411(a) before filing the claim. In the alternative, this court should grant Defendants' 12(b)(6) Motion to Dismiss Plaintiff's statutory damages and attorney's fees claims because such relief is prohibited by §412.

        Respectfully Submitted,
        **REBECCA TALLAPALLI and ELITE IT SOLUTIONS, INC.,** Defendants


    By:   /s/ David A. Herman
           One of Their Attorneys

David A. Herman, IL Bar No. 6211060
Creighton R. Castle, IL Bar No. 6215856
Mollie M. Townsend, IL Bar No. 6307194
GIFFIN, WINNING, COHEN & BODEWES, P.C.
One West Old State Capitol Plaza
Myers Building - Suite 600
Springfield, Illinois  62701
Phone: (217) 525-1571
Fax: (217) 525-1710
crcastle@giffinwinning.com
dherman@giffinwinning.com
mtownsend@giffinwinning.com