UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LEAD IT COPRORATION, an Illinois Corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   12-cv-3099 ) |
| REBECCA TALLAPALLI and ELITE IT SOLUTIONS INC., an Illinois Corporation, | ) ) ) ) |
| Defendants. | ) |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's claim for copyright infringement and Plaintiff's prayers for statutory damages and attorney's fees (d/e 8). Defendants' Motion to Dismiss Plaintiff's infringement claim is DENIED because Plaintiff received a decision on the application for copyright registration from the United States Copyright Office which renders it unnecessary to address Defendants' argument in support of this Motion.  Defendants' Motion to Dismiss Plaintiff's prayers for statutory damages and attorney's fees, construed as a Motion to

Strike, is GRANTED because Plaintiff's statements in the Complaint preclude an award of such damages.

## I. **BACKGROUND**

In October 2006, Moon Technologies published a text created by employee, Rampasad Talluri, on Moon Technologies' website and affixed the © symbol as a copyright notice.  Compl. ¶ 14.  In December 2009, Plaintiff merged with Moon Technologies and acquired rights to the text.  Compl. ¶ 15.

On or around January 1, 2010 Plaintiff began publishing the text under the career tab of Plaintiff's website and attached the © symbol.  Comp. ¶¶ 16–17.  The text appears as follows:

> At Lead IT, you will work with a team of professionals committed to the highest standards of client service.
>
> Our employees, like our clients, [sic] are the corner stone of our business.
>
> Our own employees' [sic] commit to managing their own career by seeking opportunities, taking responsibility for superior client service, and continuously building critical professional skills to enhance their development.
>
> We strongly value the distinctly different ideas, backgrounds and experiences that our professional bring to their positions.

> Why Join Lead IT? [sic]
>
> We strive to offer the opportunities you need to achieve your highest level of professional performance and to develop and refine the skills you will need throughout your career.
>
> Our compensation package is among the best in the industry and is aimed at not only attracting but also retaining the best talent.
>
> If you believe that your needs and ours coincide, we might have a win-win situation in the making (always the best kind).
>
> Please submit your resume in confidence to: hr@leaditgroup.com.
>
> We are an Equal Employment Opportunity & Affirmative Action Employer, [sic] and our employees come from a wide range of cultural and geographic backgrounds.

Compl. ¶ 20.

Plaintiff states that on or around February 29, 2012, Defendants reproduced this text verbatim on the career portion of their website, except for replacing references to Plaintiff's brand with Defendants' own information.  Plaintiff avers that Defendants published the text without permission.  Compl. ¶¶ 3, 18, 20.

On March 29, 2012, Plaintiff submitted an application to the United States Copyright Office ("Copyright Office") seeking copyright

registration of the text.  Compl. ¶ 25.  Plaintiff's application consisted of a completed electronic application form, a deposit of the text, and a payment of the filing fee.  Compl. ¶ 25.  Plaintiff then filed the Complaint on March 30, 2012 alleging copyright infringement by Defendants.  Compl. ¶ 1.  Plaintiff seeks statutory damages, actual damages, attorney's fees, an injunction, impoundment and destruction of Defendants' hardcopies of the infringing text, and any remedies deemed necessary.  Compl. ¶ 30.

On May 11, 2012, Defendants filed this Motion (d/e 8), arguing Plaintiff had not satisfied the registration requirement of 17 U.S.C. § 411(a) before commencing this suit.  Defs.' Mem. at 2–11.  Section 411(a) provides that:

> Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.  In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.  The Register may, at his or her option,

> become a party to the action with respect to the issue of registrability of the copyright claim by entering an appearance within sixty days after such service, but the Register's failure to become a party shall not deprive the court of jurisdiction to determine that issue.

17 U.S.C. § 411(a).

Defendants also assert in the Motion that 17 U.S.C. § 412 bars Plaintiff's prayers for statutory damages and attorney's fees. Defs.' Mem. at 11–14. Section 412 states that:

> [N]o award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for--(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412.

After Plaintiff filed the Response to Defendants' Motion (d/e 10), the Copyright Office issued Plaintiff a certificate of copyright registration. See d/e 11 at ¶ 3. The certificate lists the date of registration as March 29, 2010. That is also the date Plaintiff submitted the copyright registration application. Id.

Once Plaintiff received the certificate, Plaintiff filed a motion

for leave to supplement the Response to Defendants' Motion or, alternatively, to amend the Complaint to include the certificate. See d/e 11 at ¶¶ 4-5. Defendants did not file a response. On July 2, 2012, Magistrate Judge Byron G. Cudmore granted Plaintiff's Motion to Supplement the Response with a copy of the certificate. Defendants' Motion to Dismiss Plaintiff's claim for copyright infringement and the Motion to Dismiss Plaintiff's request for statutory damages and attorney's fees construed as a Motion to Strike, are now before the Court.

## II. JURISDICTION AND VENUE

Pursuant to 28 U.S.C. § 1338(a), "the district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights and trademarks." Accordingly, this Court has subject matter jurisdiction over the instant suit because Plaintiff asserts claims arising under the United States Copyright Act of 1976, 17 U.S.C. § 101 et seq. ("Copyright Act"). The Court also has subject matter jurisdiction because the claim arises under the laws of the United States. See 28 U.S.C. § 1331.

Further, venue is appropriate because Springfield, Illinois is

the principal place of business for Plaintiff and Defendants.  See 28 U.S.C. §§ 1400(a), 1391(b)–(c).

### III. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint.  Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007).  Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted).  When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true; and all reasonable inferences are construed in the plaintiff's favor.  Id.  However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  For a claim to have facial plausibility, a plaintiff must plead "factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. Limestone Dev. Corp. v. Vill. of Lemont, 520 F.3d 797, 803 (7th Cir. 2008).

### IV. ANALYSIS

To state a claim for copyright infringement, a plaintiff must claim (1) ownership of a valid copyright in a work, and (2) the copying of elements of the work that are original. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).  Additionally, § 411(a) of the Copyright Act "requires copyright holders to register their works before suing for copyright infringement." Reed Elsevier, Inc. v. Muchnick, —U.S. —, —, 130 S.Ct. 1237, 1241, 176 L.Ed.2d 18 (2010) (citing 17 U.S.C. § 411(a)).

The meaning of "registration" under § 411(a), however, has led

to a circuit split. The Tenth and Eleventh Circuits find § 411(a)'s plain meaning requires the Copyright Office to decide whether to issue or deny a certificate of registration before a plaintiff can commence an action for copyright infringement. See e.g., La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1207 (10th Cir. 2005); M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1488-89 (11th Cir. 1990). Courts call this the "Registration Approach."

Alternatively, under the "Application Approach," a plaintiff can bring a claim for copyright infringement immediately after submitting the appropriate application materials to the Copyright Office under the "Application Approach." See e.g., Cosmetic Ideas, Inc. v. IAC/InteractiveCorp, 606 F.3d 612, 621 (9th Cir. 2010); Apple Barrel Productions, Inc. v. Beard, 730 F.2d 384, 386-87 (5th Cir. 1984). The Seventh Circuit, however, has not directly addressed § 411(a)'s registration requirement.

A. **Plaintiff Received a Certificate of Registration Which Renders it Unnecessary to Determine Whether the Application or Registration Approach Should Apply in Cases for Copyright Infringement**

Defendants urge the Court to adopt the Registration Approach because § 411(a)'s plain language requires actual registration of the copyright, or the refusal of such by the Copyright Office, before a plaintiff may file a copyright infringement claim.

The registration issue, however, need not be decided here because Plaintiff received a certificate of registration back-dated March 29, 2012. (d/e 11).  Accordingly, Plaintiff may now state a claim for copyright infringement regardless of whether the Application or Registration Approach applies.

Moreover, Plaintiff need not refile the Complaint for the sake of commencing this action after receiving a decision from the Copyright Office.  See Woollen, Molzan and Partners, Inc. v. Indianapolis-Marion Cnty., 2006 WL 2135819, at *3 (S.D. Ind. Jul. 28, 2006) (declining to require refiling of a copyright infringement claim after the Copyright Office decision rendered it unnecessary to address the registration issue).  Instead, the case may go forward

focusing on the substantive merits of the copyright infringement claim.  See Grumhaus v. Comerica Secs., Inc., 223 F.3d 648, 652 (7th Cir. 2000) (discussing that notice pleading focuses on the merits rather than technical aspects of pleading).

**B.   Section 412(2) Precludes Awards of Statutory Damages or Attorney's Fees in this Case**

Defendants also move to dismiss Plaintiff's prayers for statutory damages and attorney's fees because 17 U.S.C. § 412 precludes such awards in this case.  Defendants' argument is construed as a Motion to Strike immaterial and impertinent matter from the complaint.  Fed.R.Civ.P. 12(f).

Section 504 of the Copyright Act allows statutory damages, and section 505 gives courts discretion to award reasonable attorney's fees.  17 U.S.C. §§ 504-05.  However, section 412 precludes such awards if "any infringement of copyright commenced after first publication of the work and before the effective date of its registration . . . ."  17 U.S.C. § 412(2).

Here, Moon Technologies published the disputed text as early as October 2006.  Plaintiff acquired Moon Technologies in

December 2009, and published the same text on Plaintiff's website on or around January 1, 2010. Plaintiff avers that Defendants published the same material on or around February 29, 2012. Plaintiff received the certificate of registration dated March 29, 2012, and commenced this action one day later.

Based on this chronology, Plaintiff alleges infringement commenced after first publication, but before the effective date of registration. See 17 U.S.C. § 412(2). This precludes awards of statutory damages or attorney's fees under sections 504 and 505. Therefore, Plaintiff's prayers for such relief are stricken.

## V. CONCLUSION

Defendants' Motion to Dismiss Plaintiff's claim for copyright infringement is DENIED because Plaintiff received a certificate of registration from the Copyright Office that renders it unnecessary to address Defendants' arguments in this Motion. Defendants' Motion to Strike Plaintiff's prayers for statutory damages and attorney's fees is GRANTED because section 412 of the Copyright Act precludes awarding such damages in this case.

IT IS SO ORDERED.

ENTER: January 29, 2013

FOR THE COURT:  <u>s/ Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE